1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSETTE KHAYAT,

          Plaintiff,

   v.

JOELLE K. PEELE and the FBI,

          Defendants.

Case No. 22-cv-05654-NC

**ORDER TRANSFERRING CASE TO THE U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

     This order transfers this case to the U.S. District Court for the Central District of California under 28 U.S.C. § 1406(a) because that Court is the proper venue. "Venue" describes the appropriate and most convenient judicial district in which to bring a case. Under § 1406(a), if a case is filed laying venue in the wrong district, the district court shall dismiss, or if it be in the interest of justice, transfer such case to any district in which it could have been brought. A district court has authority to decide sua sponte (without a motion) the issue of venue and to dismiss or transfer an action to a proper venue before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

     In this case, plaintiff Josette Khayat resides in Hacienda Heights, California, which is within the geographic limits of the U.S. District Court for the Central District of California. *See* Second Amended Complaint, Dkt. No. 18. Khayat sues Joelle K. Peele and the FBI. It is unclear if Peele is suing Peele in her official capacity or under color of legal authority. *See* 28 U.S.C. 1391(e)(1). Khayat accuses Defendants of numerous acts of wrongdoing, some explicitly in connection with her residence in Hacienda Heights. Dkt. No. 18. The Second Amended Complaint, and the original complaint and First

United States District Court
Northern District of California

1  Amended Complaint, do not assert any events or omissions that took place in the Northern

2  District of California.

3          Under the general rules of venue, a civil action may be brought in a judicial district in

4  which a "substantial part of the events or omissions giving rise to the claim occurred." 28

5  U.S.C. § 1391(b)(2). Section 1391(e)(1) similarly provides that in a civil action in which a

6  defendant is an officer or employee of the United States, "acting in his official capacity or

7  under color of legal authority, or an agency of the United States, or the United States, may,

8  except as otherwise provided by law, be brought in any judicial district in which (A) a

9  defendant in the action resides, (B) a substantial part of the events or omissions giving rise

10  to the claim occurred, or a substantial part of property that is the subject of the action is

11  situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C.

12  § 1391(e)(1).

13          Here, after reviewing Khayat's complaints and the arguments raised at the March 8,

14  2023, case management conference and in Khayat's subsequent letter at Dkt. No. 19, the

15  Court has determined that venue is not proper in the Northern District of California.  Given

16  Khayat's self-represented status, the Court also finds that transfer rather than dismissal

17  would be in the interest of justice.

18          The Clerk of Court is therefore ordered to transfer this case to the U.S. District

19  Court for the Central District of California, and to provide notice of the transfer to plaintiff

20  Khayat.  Defendants have yet to be served or to appear in the case.  The case in the

21  Northern District of California will then be administratively closed.

22          **IT IS SO ORDERED.**

23

24  Dated:  April 10, 2023                    _____

25                                                          NATHANAEL M. COUSINS
                                                              United States Magistrate Judge

26

27

28